274

**UNITED STATES v. SMITH.**
No. 22233.

District Court, W. D. Kentucky,
at Louisville.

May 15, 1946.

Randolph A. Brown, Sp. Asst. U. S. Atty., of Louisville, Ky., for plaintiff.

Ollie J. Cohen, of Louisville, Ky., for defendant.

A. S. Hamilton, of Louisville, Ky., for surety.

SHELBOURNE, District Judge.

In October 1945, Joseph Hubert Smith, as principal, with petitioner, Jack Stry, as surety, executed bond before Ray H. Kirchdorfer, this Court's Commissioner, for the personal appearance of the defendant Smith on the 11th day of March 1946 and "from day to day and from time to time thereafter, until finally discharged" on a charge in violation of Section 409, Title 18 U.S.C.A.

Smith appeared in accordance with the first requirement of the bond and was arraigned on the indictment. He entered a plea of "Not Guilty" and his case was set for trial on March 25th thereafter. When his case was called on the date set, Smith was not present and a forfeiture was declared on his bond.

On March 27th, two days later, Smith did appear, withdrew his former plea of "Not Guilty" and entered a plea of "Guilty." He was given a sentence of two years confinement in prison.

On March 29, 1946, the surety on the appearance bond filed his petition reciting, in substance, the foregoing facts and asks the Court to remit the forfeiture. His explanation of Smith's failure to appear for trial on March 25th is that "Smith had become intoxicated on the 24th day of March 1946 and remained in such condition through March 25th."

The surety's petition is filed pursuant to Rule 46(f) (2) of the Federal Rules of Criminal Procedure. That rule provides: "The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture."

The Federal Rules of Criminal Procedure became effective March 21, 1946, prior to Smith's default and subsequent to his indictment and arraignment. The concluding portion of Rule 59 as to the scope of coverage is "They govern all criminal proceedings thereafter (effective date) commenced

and so far as just and practicable all proceedings then pending."

Prior to the enactment of the Federal Rules of Criminal Procedure, this Court would have had no discretion under the facts to set aside or remit the forfeiture. The Court's power to remit the whole or a part of the recognizance was granted by Section 601, Title 18 U.S.C.A. The power there granted became the exclusive power. Continental Casualty Company v. United States, 314 U.S. 527, 62 S.Ct. 393, 86 L.Ed. 426.

The Circuit Court of Appeals for the Sixth Circuit held that the Court's discretion was not unlimited but was a judicial discretion, to be exercised only whenever it appeared that there had been (1) no wilful default of the party; (2) that a trial could, notwithstanding, be had; and (3) that justice did not require the penalty to be enforced. United States v. Costello, 6 Cir., 47 F.2d 684; Tennessee Bonding Co., Inc., et al. v. United States, 6 Cir., 125 F.2d 138.

Absence by the principal because of intoxication was offered by the surety as grounds for remission of the forfeiture in the case of Fidelity & Deposit Co. of Maryland v. United States, 9 Cir., 47 F.2d 222, 223. The Court said: "Where a defendant leaves a courtroom knowing that his case is to be called within a few hours, proceeds to get intoxicated, and then to depart the jurisdiction of the court and remain without the jurisdiction for days until persuaded by his surety to return, it cannot be said, in the absence of other showing, that such default was attributable to excusable negligence."

The narrow limits of the channel of the court's discretion is illustrated by Judge Ford's opinion in United States v. Barnett et al., D.C.E.D.Ky., 22 F.Supp. 394.

Unless the language of the quoted section of Rule 46 of the Federal Rules of Criminal Procedure is intended to enlarge the court's discretion, the surety here is without merit in his plea.

Notwithstanding the principal, on the second day, after his default appeared and was tried on his plea of guilty, with little, if any, additional expense or inconvenience to the government, his default was wilful as that term has been construed.

The absence of any reference to "wilful default" in Rule 46 and empowering the court to set aside a forfeiture where justice does not require its enforcement, clearly indicated an intention to broaden the discretion of the trial court. Upon the effective date of the Federal Rules of Criminal Procedure, Section 601 of Title 18 became of no further force and effect. Sec. 688, Title 18 U.S.C.A.

It does not occur to me, however, that the surety in this case should be relieved of payment of the entire bond. While the purpose of a recognizance is not to enrich the treasury, it must of necessity at all times serve, both in amount and in its enforcement, to command obedience to its covenants and undertakings.

The amount of the recognizance for Smith's appearance is $500. Three hundred dollars of this amount will be remitted and recovery from the surety in the sum of $200 will be enforced.

Judgment in accord with this conclusion will be entered.