### UNITED STATES v. DE STEPHANO.

No. 22499.

United States District Court
W. D. Pennsylvania.

Jan. 21, 1952.

Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Zeno Fritz, Pittsburgh, Pa., for petitioner William C. Stewart, surety.

McVICAR, District Judge.

This action is now before the Court on the petition of William C. Stewart to set aside forfeiture of bail and exonerate surety, the answer thereto of the United States and the evidence taken at the hearing.

Petitioner, surety on bond or bail of Arthur De Stephano, in his petition prays that the forfeiture of said bond or bail be set aside and that he be exonerated from further obligation thereunder.  He sets forth in his petition *inter alia* as reasons for the remedy which he seeks that he made diligent efforts to locate the defendant, Arthur De Stephano, and was unable to locate him; also, that the defendant De Stephano was sentenced to a long term of imprisonment by the United States District Court for the District of New Jersey, and that he is now in prison in pursuance to said sentence.

The United States in its answer denied that due diligence was used to locate the defendant; also, it asserted that the defendant was apprehended in New Jersey May 11, 1948, and was sentenced Novem-

ber 22, 1948 (with a reduction subsequently granted) to a period of seven years and five months imprisonment. It also avers that the defendant was not apprehended until fifteen months after the date he was to appear before the United States Commissioner at Pittsburgh for hearing.

From the evidence it appears that prior to February 10, 1947, the defendant De Stephano was charged in the United States District Court for the District of New Jersey with having received stolen goods in interstate commerce; that the defendant came to Pittsburgh, Pennsylvania, and that on February 10, 1947 was arrested and gave bond, with the petitioner as surety thereon in the amount of $5,000.00, conditioned for his appearance at the hearing before the Commissioner; that a hearing date was set for February 19, 1947; that the defendant De Stephano did not appear and on April 8, 1947 the United States Commissioner at Pittsburgh declared a forfeiture of his bond or bail; that on September 29, 1948 this Court declared a forfeiture of said bond. The petitioner, William C. Stewart, is a professional bondsman. There is some evidence that he made some inquiries in and about Pittsburgh as to the whereabouts of defendant. There is no evidence of inquiry or efforts to locate the defendant in the State of New Jersey. The defendant was arrested in New Jersey May 11, 1948 and on November 22, 1948 was sentenced (with a reduction made therein) to seven years and five months in prison. It is fair to assume that the trial and imprisonment of the defendant was delayed a year or more by reason of his not having appeared before the United States Commissioner in Pittsburgh in February of 1947.

Rule 46 of the Federal Rules of Criminal Procedure, subsection (f)(2), 18 U. S.C.A., provides: "(2) Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture."

 The authority of the Court under this Rule is discretionary and it would seem fair to assume that justice does re-

quire the enforcement of the forfeiture made by this Court September 29, 1948. See La Grotta v. United States, 8 Cir., 1935, 77 F.2d 673, 103 A.L.R. 527, certiorari denied, Quigley v. U. S., 296 U.S. 629, 56 S.Ct. 152, 80 L.Ed. 447; also Weber v. United States, 10 Cir., 1929, 32 F.2d 110; and also United States v. Smith, D.C.Ky. 1946, 5 F.R.D. 274.

I am of the opinion that the removal of the forfeiture provided for by the above Rule is discretionary and that it should not be set aside and that justice does require the enforcement of the forfeiture.