Adrian Lawrence **DUDLEY** et al., Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 16305.

United States Court of Appeals Fifth Circuit.

March 29, 1957.

---

Joseph W. Cash, Houston, Tex., for appellant Capitol Indemnity Insurance Co.

Stanley D. Baskin, Pasadena, Tex., for Dudley.

James E. Ross, Asst. U. S. Atty., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Eugene Fisher Londos and Adrian Lawrence Dudley, together with their sureties, Capitol Indemnity Insurance Company of Indianapolis, Indiana, and Mrs. Alma Phillips, respectively, prosecute this appeal from judgments against the principals and sureties on forfeited bail bonds.

Appellants Londos and Dudley were indicted in the Southern District of Texas, on October 31, 1955, for the offense of causing, with unlawful and fraudulent intent, to be transported in foreign commerce a falsely made, forged, and counterfeited security in violation of 18 U.S. C.A. § 2314. Subsequently arrested and arraigned, Londos' bond was set at $15,-

000.00, with Capitol Indemnity as surety, Dudley's at $5,000.00, with Mrs. Alma Phillips as surety. In open court, December 30, 1955, the trial date of both was set for March 12, 1956.

Drawn in conformity with Form 17, Federal Rules of Criminal Procedure, 18 U.S.C.A., the appearance bond of each was identical. The pertinent part under consideration provides:

"* * * that the defendant . . . is to appear in the United States District Court for the Southern District of Texas, at Houston, Texas, in accordance with all orders and directions of the Court * *"

On February 1, 1956, the sureties were notified by law enforcement officials to produce Londos and Dudley in Court at 9:30 A. M., February 3, 1956, and on the same day, a bench warrant was issued for the arrest of Dudley, and his bond was raised to $50,000.00.

At the hearing February 3, 1956, Dudley's bond was declared forfeited, though prior to the forfeiture Dudley had been arrested on the bench warrant and was in custody in Laredo, Texas, and the court was informed of this fact by Dudley's attorney. On August 6, final judgment was entered for his failure to appear on February 3rd.

Londos did not appear, and his attorney did not know his whereabouts at that time, though Londos had been keeping in touch with his attorney at regular intervals. His case was continued to February 10th. No order was entered at this hearing, nor was there a motion filed seeking an order. At the hearing on February 10th, Londos' whereabouts still unknown, the court stated:

"I will take under advisement whether I will make the forfeiture permanent at this time. But I am notifying you [the attorney] now as representative of the surety company that I will call this case again next Friday, which is the 17th of February, at 9:30, and if he is not produced then, I know of no reason why I won't forfeit the bond then, if I haven't before then."

On February 17th, Londos not appearing, except by his attorney who advised the court that he was in California and would appear in a few days, his bond was forfeited upon motion of the United States. On February 21st, Londos voluntarily surrendered himself and submitted to imprisonment, and on February 27th, judgment was entered on the forfeiture of his bond for failure to appear February 17th.

The case was called and tried as scheduled, and both Londos and Dudley were convicted at no additional expense or delay to the government.[1] On August 6th, orders were entered denying petitions to remit and set aside the judgments of forfeiture.

Petitioners have appealed, urging upon us: that courts of record can act and speak only through orders made and entered of record,[2] especially in matters of this kind; and that the failure of the record, which, and which alone, represents the true state of the court's business, to show orders of court requiring appellants' presence before it, on February 3rd,[3] and other conformity with procedural requirements, rendered the judgments of forfeiture invalid.

In addition they urge that if the judgments were not invalid, the forfeitures should have been set aside under Rule 46 (f) (2) and (4), Federal Rules of Criminal Procedure, 18 U.S.C.A., because the record shows beyond dispute in each case that "justice does not require the enforcement of the forfeiture".

■ Without definitely determining whether the forfeitures when and as entered were invalid, because we agree with appellants that they should have

been remitted, we think it proper to state briefly some of the basic principles controlling here. Bail bonds in criminal cases are contracts which must be strictly construed in accordance with their terms,[4] and ordinarily all substantial procedural requirements must be complied with before a court can declare them duly forfeited and enter a binding judgment thereon. In addition, the purpose of a bail bond is not punitive, it is to secure the presence and attendance of a defendant to answer the charges against him and to respond to the judgment of the court, and at the same time to afford the defendant freedom from harassment and confinement before he has been proven guilty of the offense. In Stack v. Boyle, 342 U.S. 1, at page 4, 72 S.Ct. 1, at page 3, 96 L.Ed. 3, the Chief Justice stated:

"From the passage of the Judiciary Act of 1789, * * * to the present Federal Rules of Criminal Procedure, Rule 46(a) (1), 18 U.S.C.A., federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. * * * Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." (Emphasis supplied.)

In his concurring opinion, Mr. Justice Jackson, stating:

" * * * I consider first the principles which govern release of ac-

1. See Londos v. United States, 5 Cir., 240 F.2d 1.

2. Schmidt v. Esquire, Inc., 7 Cir., 210 F. 2d 908; 21 C.J.S., Courts, §§ 225; 237; 14 Am.Jur. "Courts" Sec. 137.

3. The order overruling appellant Capitol's petition to remit the forfeiture as to Londos stated that Londos had been ordered by the court to make his appearance before the court on Feb. 3, 1956. The final

judgment of the default of Dudley made mention of no order of court requiring his presence February 3rd, but stated that the case was called on that date. As previously stated, the trial date of both was set for March 12, 1956.

4. Barnes v. United States, 5 Cir., 223 F. 2d 891; LaGrotta v. U. S., 8 Cir., 77 F. 2d 673; and Joelson v. United States, 3 Cir., 287 F. 106.

cused persons upon bail pending their trial."

went on to say:

"The practice of admission to bail, as it has evolved in Anglo-American law, is not a device for keeping persons in jail upon mere accusation until it is found convenient to give them a trial. On the contrary, the spirit of the procedure is to enable them to stay out of jail until a trial has found them guilty. Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense."

The object of a recognizance in short is not to enrich the treasury or punish the defendant, but, allowed as it is to give, not lip service, but full fealty to the basic principles of freedom, inherent in our system, that an accused is presumed to be innocent until his guilt is established by the evidence beyond a reasonable doubt, it reconciles a sound administration of justice with the rights of the accused to be free from harassment and confinement, unhampered in the preparation of his defense and not subjected to punishment prior to conviction. Stack v. Boyle, supra; U. S. v. Feely, Fed.Cas., No. 15082.

■ While, for the reasons heretofore and hereafter stated, we do not find it necessary to determine whether, upon the record in this case, the judgments of forfeiture were invalid, we do hold that they should have been remitted and that, for the failure to do so, the judgments must be reversed with directions to enter remissions as prayed. All of the objects and purposes of the recognizances were effected here. Appellants were timely prosecuted and convicted, and the government has suffered no injury or delay from the occurrences upon the basis of which the forfeitures were predicated. When the facts and circumstances attending the forfeitures and the refusal to remit them are considered, we think it plain that justice did not require the forfeitures, and that upon petition they should have been remitted. Rule 46(f)(2) and (4); Smalldone v. U. S., 10 Cir., 211 F.2d 161.

Reversed and remanded with directions to remit the forfeitures.