**UNITED STATES of America,**

v.

**Sam ACCARDI, Defendant.**

United States District Court
S. D. New York.
Nov. 20, 1964.

See also, 2 Cir., 342 F.2d 697.

Robert M. Morgenthau, U. S. Atty., New York City (Peter Flemming, Jr., New York City, of counsel), for the United States.

Salvatore Iannucci, New York City, for defendant.

CANNELLA, District Judge.

Motion by Peerless Insurance Company, pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure for an order setting aside the forfeiture and remitting the penalty under such forfeiture of a bail bond filed in the above named action on August 18, 1955 and declared forfeited by order dated September 28, 1955, is denied.

The defendant, Accardi, was arraigned in the above entitled action on August 18, 1955. The indictment concerned certain narcotics violations in violation of Title 21, Sections 173 and 174, U.S.C. and Title 26, Sections 4704(a), 4701, 4703, 4771(a) and 7237(a), U.S.C. The defendant pleaded not guilty and bond in the sum of $75,000 was set on August 18, 1955, which was posted on the same day. The defendant was to appear in court on September 28, 1955 for trial. On that date, the defendant failed to appear and bond was forfeited. On October 7, 1955, the bonding company paid the $75,000 as required in the undertaking. On April 2, 1963, the defendant was arrested in Italy pursuant to a Presidential warrant and over his objection he was extradited and tried. The defendant was convicted on July 20, 1964 following a jury trial and was sentenced on August 24, 1964 to a term of fifteen (15) years which he is presently appealing.

In the interval between September 28, 1955 and April 2, 1963, both the government and the bonding company exerted efforts to locate the defendant and have him returned to this district. The bonding company, in writing the bond, did so with great dispatch and with great reliance on the defendant's word. This proved to be misplaced because although the defendant claimed that the collateral posted was worth $90,000, in fact the net result to the company was about $15,000. Efforts made by the bonding company in the intervening years were costly. Equally so were the efforts made by the government to locate the defendant and subsequently have him extradited.

The elementary purpose of a bond is to insure the defendant's appearance at the time of trial. Dudley v. United States, 5 Cir., 242 F.2d 656 (1957). A fine balance must be observed by the judge who fixes bail. The bail must not be onerous but it must be sufficient to insure the defendant's presence. The insurance company argues here that it is an innocent person and it should not be made to suffer for the willful acts of another. The bail set by the court was not $75,000 less whatever moneys the bonding company could realize on this kind of an application. If this were so, the company would be setting the amount of bail and the court's function would be superseded.

The court has made no appraisal of the costs which the government sustained, but there is no doubt that the amount is substantial and that the total amount expended involves items not readily calculable. The bonding company should not be permitted to benefit from their apparent careless conduct in accepting the defendant's unsubstantiated word concerning the value of the posted collateral.

The remission of a forfeiture is a matter of judicial discretion. Larson v. United States, 8 Cir., 296 F.2d 167 (1961). The test under Rule 46(f) is that the forfeiture may be set aside "if it appears that justice does not require the enforcement of the forfeiture." The burden of proof is clearly on the company to establish that such action by the court is required by the "justice" in the particular case. The court finds that the bonding company has failed to meet its burden. See United States v. Ciena, 195 F. Supp. 511 (S.D.N.Y.1961).

So ordered.