**UNITED STATES of America, Plaintiff,**

v.

**Bill Pat KELLEY, Defendant,**

**the Summit Fidelity & Surety Company, Surety.**

**Cr. A. No. 17480.**

United States District Court
D. Colorado.

Oct. 11, 1965.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for plaintiff.

Charles F. Brega, Denver, Colo., for defendant.

Ben Klein, Denver, Colo., for surety.

WILLIAM E. DOYLE, District Judge.

Under Rule 46(f)(4), Federal Rules of Criminal Procedure, the surety herein has moved for full or partial remission of the previously-forfeited $15,000.00 bail bond in this case. The surety alleges that the defendant is now in Federal custody; that surety spared no effort or expense to locate him; that retention by the government of the full $15,000.00 constitutes unjust enrichment under the circumstances; that the court has discretion to remit in whole or in part; and that surety is willing to have all the government's costs and expenses deducted from the bond amount, with remission of the balance.

The government contends that no remission is justifiable. In support of this position, the government relies on a letter dated September 28, 1965 and addressed to the United States Attorney by the Special Agent in charge of the Denver office of the Federal Bureau of Investigation. This letter estimates expense to the government of $11,222.00 in connection with the location and apprehension of the defendant between November 10, 1964, the date of the warrant, and June 5, 1965, the date of capture. Plaintiff also alleges additional costs arising from transportation of the defendant between Florida and Colorado, as well as administrative and communications costs not included in the $11,222.00 estimate.

Bail bonds are contracts between sureties and the government which are strictly construed in accordance with their terms. Dudley v. United States, 5 Cir., 1957, 242 F.2d 656. When the government shows a breach of any condition of the bond, proof of actual damages to the government is unnecessary, since the full amount of the bond constitutes liquidated damages in the nature of a penalty. United States v. Davis, 7 Cir., 1953, 202 F.2d 621.

The surety may nevertheless be entitled to some relief. Rule 46(f)(2) of the Federal Rules of Criminal Procedure empowers a District Court to exercise latitude in the setting aside or remission of a bail forfeiture. United States v. D'Argento, N.D.Ill., 1964, 227 F.Supp. 596. Rule 46(f)(2) provides that:

"The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it.

appears that justice does not require the enforcement of the forfeiture."

Rule 46(f)(4) deals with remission in terms of the standards set by Section (2):

"After entry of * * * judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) * *."

In the Tenth Circuit, Smaldone v. United States, 1954, 211 F.2d 161, has defined the discretion granted to the court by this rule as

" * * * sound discretion, not discretion exercised arbitrarily but with due regard for that which is right and equitable under the circumstances * * * discretion directed by reason and conscience to a just result * * *." 211 F.2d 161, 163.

The court goes on to point out that this discretion includes the granting of relief even in a situation involving wilful default, as in the present case.

There are no clearly defined principles applicable to remission petitions. There is, however, a discernible tendency to disfavor and to deny such petitions. The presence of delay, expense, and inconvenience to the government and to the court, generally result in denial of relief.

In United States v. Davis, supra, a $10,000.00 bond was forfeited when the defendant wilfully failed to appear at trial. A week later, he was arrested in another state by Federal agents and returned for trial. The surety sought full or partial remission, asserting the same reasons that surety has advanced here. The District Court refused to allow *any* remission, and was upheld on appeal:

"Although we believe that this is a case where the district court might well have remitted a portion of the amount forfeited, we cannot say that there was an abuse of discretion * * * unless we conclude that such action was arbitrary and cap-

ricious, we are not at liberty to grant any relief * * *." 202 F.2d 621, 624–625.

The length of the delay has been regarded as an important factor by some courts. Where trial was delayed more than one year by the defendant's failure to appear, no remission was allowed in spite of a showing that the surety had made efforts to locate the principal. United States v. DeStephano, D.C.Pa., 1952, 102 F.Supp. 38.

█ A bail bond surety owes the court a duty to make some effort to see that its principal complies with orders of the court, United States v. D'Argento, supra, but the fact that a surety has made substantial efforts to locate a principal does not compel the granting of any relief. United States v. Public Service Mutual Insurance Co., 2 Cir., 1960, 282 F.2d 771. Similarly, in Carolina Casualty Insurance Co. v. United States, 5 Cir., 1960, 283 F.2d 248, refusal to remit was held to be not an abuse of discretion where surety paid over the penal sum of $15,000.00 to the United States, and expended an additional $2,900.00 in unsuccessful efforts to locate the principal.

█ Applying these guidelines, the present facts show substantial documented expense to the government, and inconvenience to the court based upon several months' delay in the prosecution of the case. Surety here cooperated in every way, as evidenced by an affidavit showing expenses of $1,477.05 in search efforts focused on locating the defendant. Surety acted in supplement to F.B.I. search efforts. But there is no evidence that surety's conduct in any way contributed to the apprehension of the defendant. Apart from the expense incurred by petitioner, he offers no facts which furnish a basis for any substantial remission.

There are cases which have granted partial remission. In United States v. Smith, D.C. Kentucky, 1946, 5 F.R.D. 274, $300.00 of a $500.00 bond was remitted

where principal appeared two days after wilful default and was tried with little additional expense or inconvenience to the government. In United States v. D'Argento, supra, the court held that some meaningful part of a bond should be forfeited where the surety had been partially at fault and had done nothing to prevent principal's breach. Only $40,000.00 of a $50,000.00 bond was remitted.

In the light of the law and the circumstances in this case, taking into account the expenditure of the government and that of the surety, it is

Ordered that there be remission in the sum of $2,500.00 of the $15,000.00 total, and consequently that the surety be liable in the sum of $12,500.00.[1]

---

1. In the cases cited action was taken as follows:
 Dudley—full remission of $50,000.00 (no expense. or delay to the government)
 Davis—no remission on $10,000.00
 D'Argento—$40,000.00 of $50,000.00 remitted
 Smaldone—full remission of $10,000.00
 De Stephano—no remission on $5,000.00
 Public Service Mutual—no remission on $5,500.00
 Carolina Casualty—no remission on $15,000.00
 Smith—$300.00 of $500.00 bond remitted