Harry **BENNETT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18080.

United States Court of Appeals
Eighth Circuit.

Nov. 14, 1966.

Paul L. Dobberstein, Jr., St. Louis, Mo., for appellant. Morris A. Shenker, St. Louis, Mo., was with him on the brief.

D. M. Statton, U. S. Atty., Des Moines, Iowa, for appellee. Jerry E. Williams, Asst. U. S. Atty., Des Moines, Iowa, was with him on the brief.

Before JOHNSEN, Senior Circuit Judge, BLACKMUN, Circuit Judge, and YOUNG, District Judge.

JOHNSEN, Senior Circuit Judge.

This appeal seeks to have set aside the judgment of forfeiture made as to appellant Bennett's original appearance bond in the criminal proceedings involved in Bennett v. United States, 8 Cir., 368 F.2d 1, in which we have concurrently filed opinion reversing the conviction. The bond was in the amount of $2,500.00.

Bennett, who lived in Biloxi, Mississippi, failed to appear in Des Moines, Iowa, at the time that the criminal charges pending against him and his two co-defendants had been set for trial. The

Court ordered forfeiture of his appearance bond, and later, after full hearing, denied remission of forfeiture.[1]

■ The Court found, on the hearing for remission, that Bennett's failure to appear was a matter of his wilfully absenting himself to avoid having to go to trial and not, as he contended, one of his being in such health condition as to make it impossible reasonably for him to travel and to undergo the strain of a trial. The record amply supports the Court's determination, on the elements of appraisal which were before it in respect to both the medical testimony involved and the attending circumstances shown.

■ Beyond this, from the record in its whole, we are left with the clear conviction that the Court acted fairly and not unjustly, so that we would not be entitled to say that it abused its discretion, within its responsibility as to the power which it "may" exercise, under Rule 46(f) (2) and (4), Fed.Rules Crim. Proced., 18 U.S.C.A., to set aside a forfeiture and grant remission, "if it appears that justice does not require the enforcment of the forfeiture".

We have reminded in Larson v. United States, 296 F.2d 167, 170–171 (8 Cir., 1961) that the discretion which is involved in such a situation is the district court's and not ours, so that we are not called upon to touch that court's action unless it has been arbitrary and capricious. It might casually be added that it would seem a little difficult to imagine how a defendant who has wilfully failed to appear for trial, and on that basis has interferred with the administration of the law, could ordinarily be in much of a position personally to assert, within the language of Rule 46(f), that "justice does not require the enforcement of the forfeiture".

As to the situation before us, the record impresses that Bennett had, from the time that the indictment was returned on June 17, 1964, and he put up bond in Mississippi for his appearance, deliberately and persistently attempted to avoid having to face the charges in the court at Des Moines. Bennett was 63 years old and had some chronic ailments, consisting of diabetes mellitus; urinary tract infection; generalized arteriosclerosis; and arthritis. None of these, however, had been of such consequence as to prompt him to visit his physician for a year and one-half prior to the indictment, or to interfere with his business activities, which included the carrying on of night-club and bookie operations.

He immediately began, however, to use these chronic ailments, with the aid of a certificate from his local doctor, to try to stall off his arraignment. The Court tolerantly put off the arraignment, giving him the benefit of any doubt, and granting him successive periodic continuances between June, 1964, and March, 1965. When request was made for another continuance just before the date on which the matter then stood for arraignment, March 15, 1965, the Court held a hearing, determined that Bennett's condition was not such as to prevent the holding of his arraignment, refused to continue the matter further, and ordered Bennett to appear on the date which had been set. This Bennett did, but not until after he had made a last-minute futile attempt to get us to stay the arraignment.

Following the arraignment, the Court set the criminal charges for trial on May 5, 1965, and advised that the matter definitely would be for trial on that date. Bennett continued to carry on his business activities in the intervening period, up to May 3, when he entered the hospital as an ambulatory patient, with his doctor having him admitted on his chronic ailments. The Court denied a request by Bennett's attorneys for another continu-

---

1. Upon the issuance of a warrant and the taking of Bennett into custody, after the forfeiture, he sought to effect his release by application to the federal court in Mississippi for a writ of habeas corpus, which was denied, but bail was permitted to be given by him in the amount of $12,500 for his further appearance in the court at Des Moines.

ance of the trial and made forfeiture of his bond. When the Government made application to have an examination made of Bennett in the hospital by a doctor of its selection, the Court granted its request, but Bennett refused to allow the doctor to make any examination of him. He remained in the hospital for a number of days and then sought to obtain a writ of habeas corpus (as referred to in footnote 1, supra), with denial being made of the writ after a hearing, but with bail being permitted to be put up by him for his further appearance in the court at Des Moines.

The court had made rescheduling of the trial date for May 20, 1965, after disposition had been effected of the Mississippi habeas corpus proceeding. Bennett thereupon appeared at Des Moines for trial on May 20, 1965, but not before he further had made last-minute attempt to get the charges transferred to Mississippi for trial, and upon denial thereof had sought to get us to issue a writ of mandamus requiring the district court to postpone the trial and to transfer the charges to Mississippi.

We do not deem it necessary to engage in further detail.

Affirmed.