UNITED STATES of America

v.

Ernest BRADLEY.

Crim. No. 66–18.

United States District Court
W. D. Pennsylvania.

Dec. 5, 1967.

George Schumacher, Asst. U. S. Atty., Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Barney Phillips, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is before me on a petition for remission of a forfeited bond. The petition is filed by the United Bonding Company by its attorney in fact, Raymond E. Shuster.

On January 21, 1966, the petitioner through its attorney in fact, Raymond E. Shuster, posted a bail bond for the defendant Bradley who was charged with theft from interstate shipments in violation of 18 U.S.C. § 659. At the time of his arraignment on February 23, 1966, Bradley entered a plea of not guilty. The defendant appeared at the call of the trial list on June 3, 1966. At the request of counsel for the defendant the case was continued to the next trial list. The defendant did not appear at the call of the trial list on August 23, 1966. On August 31, 1966, Chief Judge Wallace S. Gourley ordered that the bond be forfeited and a bench warrant issue for the defendant's arrest. On March 10, 1967, the United Bonding Insurance Company made payment in the amount of $5,000.00 to the United States Department of Justice in payment for the bond forfeiture. The petitioner then made demand on its Attorney in fact, Raymond E. Shuster, by virtue of an Indemnity Agreement, for reimbursement to it in the sum of $5,-000.00.

An investigation was conducted by the Federal Bureau of Investigation to ascertain the whereabouts of the defendant. On January 4, 1967, the defendant was arrested by the New York Police Department. In accordance with the bench war-

rant previously issued, the defendant was brought from New York and committed to the Allegheny County Jail on March 22, 1967. On May 18, 1967, he changed his plea to guilty, and has since been sentenced.

The petitioner contends that Shuster has spent considerable money in his attempts to locate the defendant Bradley, and at the argument on the motion, Shuster testified to the extent of his efforts in the period from July 1966 through November 1966. He also detailed his cooperation with the Federal Bureau of Investigation in their attempts to find the defendant. The Federal Bureau of Investigation agent testified to the cooperation of Shuster, to the telephonic communications between them and to the leads which finally resulted in the defendant's location in New York City.

■ As grounds for relief, the petition and the argument thereon stressed the financial plight of Shuster, and avers that he was new and inexperienced in the bonding business at the time he placed the bond for the defendant Bradley. There was also some evidence of negligence on the part of Shuster, in that he did not adequately inform himself on the defendant's criminal record before posting bond. However, the financial plight of the petitioner's agent and his relative experience or lack of it in the bonding business are not the criteria on which the court may base its decision on remission. The important factors in the judicial decisions are (1) the extent of delay which the defendant's failure causes in the prosecution of the case, and (2) the expenses which result to the government in attempting to locate the defendant and securing his presence at the criminal trial. United States v. Davis, 202 F.2d 621, C.A. 7, 1953; United States v. Kelley, 38 F.R.D. 320 (D.C.Colo., 1965).

It is the contention of the Government that no remission is justifiable in this case. The failure of the defendant to appear when his case was called for trial resulted in a delay of more than seven months in the prosecution of the case. The failure of the defendant to appear also resulted in a considerable expense to the Government in attempting to ascertain his whereabouts and in securing his return to the Western District of Pennsylvania.

■ Federal Rule of Criminal Procedure 46 provides for bail in criminal cases for forfeiture of bail bond, and for the setting aside or remission of bail forfeiture. Sub-section (f) (2) provides that "The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." Under this section, remission is not a matter of right, but is discretionary with the court, and federal district courts have exercised considerable latitude in remission of bail forfeiture. Larson v. United States, 296 F.2d 167, C.A. 8, 1961; United States v. Schlenvogt, 294 F.2d 275, C.A. 7, 1961; Carolina Casualty Insurance Co. v. United States, 283 F.2d 248, C.A. 5, 1960; United States v. Carolina Casualty Insurance Co., 237 F.2d 451, C.A. 7, 1956; Smaldone v. United States, 211 F.2d 161, C.A. 10, 1950; United States v. Accardi, 241 F.Supp. 119 (D.C.N.Y., 1964); United States v. D'Argento, 227 F.Supp. 596 (N.D.Ill., 1964).

The decisions dealing with petitions for remission of forfeited bonds fall into three categories. In situations where there has been little or no delay and the Government has not suffered prejudice or damages because of the nonappearance of the defendant, the court has granted a total remittitur. Dudley v. United States, 242 F.2d 656, C.A. 5, 1967; Smaldone v. United States, supra. In situations where there has been substantial delay and substantial expense to the government because of the defendant's nonappearance, the courts have refused to grant even a partial remittitur. United States v. Davis, 202 F.2d

621, C.A. 7, 1963; United States v. De Stephano, 102 F.Supp. 38 (D.C.Pa., 1952). In situations where the bond was considered excessive in relation to the nature of the delay and the amount of the government's expenses, the courts have granted a partial remittitur. United States v. Kelley, 38 F.R.D. 320 (D.C. D.Colo., 1965); United States v. D'Argento, supra; United States v. Smith, 5 F.R.D. 274 (D.C.Ky., 1946).

In the instant case, the delay in the prosecution of the case amounted to approximately seven months. There was no documentation of the expense to the Government in apprehending the defendant Bradley, but there was evidence that the FBI agent spent considerable time in and around Pittsburgh following leads provided by petitioner's agent and others. The apprehension of the defendant Bradley in New York did not require a trip by the FBI agent to the City of New York.

This case falls within those situations where partial remission of a forfeited bond seems appropriate. In United States v. Kelley, supra, where the record showed substantial documented expenses to the Government in apprehending the defendant, and inconvenience to the court based on several months delay in prosecution of the case, the court ordered remission of $2,500 of a $15,000 bail bond that had been forfeited. In that case the surety alleged that it spared no effort or expense to locate the defendant. In the instant case, the petitioner's agent spent three months searching for the defendant and, while he was unsuccessful in his efforts, leads provided by him to the FBI agent were useful in the eventual location of the defendant in New York City.

In the light of the law and the circumstances in this case, taking into account the expenditure and delay to the Government, and the expenditure of time and effort of the petitioner's agent, a partial remission of the forfeited bond will be allowed. The remission will be in the sum of $2,000 of the $5,000 total.