**UNITED STATES of America,**

v.

**FOOK DAN CHIN, a/k/a Chin Dan Fook, a/k/a George Young, Defendant.**

**Nos. 67 Cr. 832, 68 Cr. 45.**

United States District Court
S. D. New York.

Sept. 23, 1969.

404

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, Richard S. Rudick, Asst. U. S. Atty., of counsel, for the U. S.

Garamella & Rao, by Vincent P. Rao, New York City, for surety.

CANNELLA, District Judge.

The motion by Public Service Mutual Insurance Company pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure for an order remitting the forfeiture of a bail bond in the above named action is granted, in part.

The defendant, who was free on $10,-000 bail, failed to appear for the start of his trial on April 16, 1968, and a bench warrant was issued for his arrest. The surety was given a reasonable opportunity to find the defendant. On May 3, 1968, he was still a fugitive, and the government moved that bail be forfeited. Judge Pollack adjourned the matter, affording the surety an additional two weeks in which to locate the

defendant. He remained a fugitive on May 17, 1968, and the government again moved for forfeiture. Judge Palmieri granted the motion, but stayed execution of the forfeiture for two weeks. When the defendant failed to appear by May 31, 1968, Judge Palmieri ruled that the bail be forfeited despite another request by the surety for additional time to locate the defendant.

In spite of the forfeiture, the surety continued its search, which eventually led to the defendant's apprehension on July 27, 1968. The government's efforts to locate the defendant were apparently of little consequence.

▆▆▆▆ Rule 46(f) of the Federal Rules of Criminal Procedure provides, in pertinent part:

(f) Forfeiture.

(1) Declaration. If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

(2) Setting aside. The court may direct that a forfeiture be set aside, *upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.* (emphasis added)

(4) Remission. After entry of such judgment [of default[1]], the court *may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2)* of this subdivision. (emphasis added)

Under this Rule, the court has broad discretion. See, e. g., United States v. Egan, 394 F.2d 262, 266–67 (2d Cir. 1968); United States v. D'Argento, 227 F.Supp. 596 passim (N.D.Ill.), rev'd on other grounds, 339 F.2d 925 (7th Cir. 1964). In exercising this discretion, the court must consider several basic factors. The elementary purpose of a bail bond is, of course, to insure the appearance of the accused to answer the indictment and to submit to a trial and the judgment of the court thereon. Ex parte Milburn, 34 U.S. (9 Pet.) 704, 710, 9 L.Ed. 280 (1835). And in attempting to insure such appearance, the surety does not act as an eleemosynary institution. It gets a premium and attempts to avoid any potential loss by covering its bond with collateral put up by the individual seeking release on bail. Where a defendant breaches a bail bond by failing to appear in court, without a justifiable excuse, and the government is in any manner prejudiced thereby, the forfeiture declared for such a breach should be enforced unless it appears that justice does not so require. See United States v. D'Argento, 339 F.2d at 928. Forfeiture implies more than mere prejudice to the government; it constitutes a penalty which serves to discourage future violations of bail bonds and to deter defaults. See, e. g., United States v. Ciena, 195 F.Supp. 511, 512 (S.D.N.Y.1961). And this court has refused to set aside a forfeiture where the government incurs substantial expenses. See United States v. Accardi, 241 F.Supp. 119 (S.D.N.Y.1964), aff'd sub nom. United States v. Peerless Insurance Co., 343 F.2d 759 (2d Cir.), cert. denied, 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76 (1965). The court finds here that justice does not require that the forfeiture of the $10,000 bond be set aside. The surety was given some six weeks from the date when the defendant first failed to appear in which to avoid forfeiture. The surety gives no reason tending to show that defendant's nonappearance was not willful. The court finds that this nonappearance constituted prejudice to government, albeit insubstantial prejudice.

▆▆▆▆ Under Rule 46(f) (4), however, the court has discretion to remit all or part of a forfeiture where justice so requires. Cf. Larson v. United States, 296 F.2d 167 (8th Cir. 1961). In determining whether a remission is called for, the court must consider the amount of delay caused by the defendant's de-

---

1. See paragraph (3) of Rule 46(f).

**406**

fault, the expenses incurred by the government in attempting to locate and secure the presence of the defendant, the stage of the proceedings at the time of disappearance, and the relative efforts of the government and surety in attempting to locate the fugitive. See United States v. Bradley, 43 F.R.D. 278 (W.D.Pa.1967); United States v. Kelley, 38 F.R.D. 320 (D.Col.1965); United States v. Accardi, supra; United States v. Ciena, supra. The court finds in the absence of any hearing[2] or request therefor that the delay in bringing defendant to trial was insubstantial[3] and that expenses to the government were negligible. The court further finds that it was the surety's continuing efforts both before and after forfeiture which led directly to the defendant's apprehension. This fact is not denied by the government. While the court realizes that it is not required to order remission even where the surety's efforts resulted in the capture of the fugitive,[4] justice seems to require partial remission in this case to the extent of expenses actually incurred by the surety following forfeiture. In this regard, the surety apparently owes a $2000 fee to a private investigator it hired on the day of forfeiture, May 31, 1968, to look for the defendant. There is no other claim of post-forfeiture expenditures, nor is there any claim as to the amount of collateral involved when the bail bond was orginally posted.

In light of the law and the circumstances in this case, a partial remission of the forfeited bond will be allowed. The remission will be in the sum of $2000 of the $10,000 total.[5]

So ordered.

2. Cf. United States v. D'Argento, 227 F. Supp. 596, 603 (N.D.Ill.1964).

3. Defendant's trial began on August 14, 1968, approximately four months after the original trial date.

4. United States v. Public Service Mutual Insurance Co., 282 F.2d 771 (2d Cir. 1960).

5. For some representative amounts of remissions under Rule 46(f) (4), see United States v. Kelley, 38 F.R.D. 320, 323, n. 1 (D.Col.1965); United States v. Bradley, 43 F.R.D. 278 (W.D.Pa.1967).