**UNITED STATES of America,**
**Appellee,**

v.

**Booker Thomas HARRELL, United Bonding Insurance Company, Appellants.**

**No. 19486.**

United States Court of Appeals
Eighth Circuit.

Sept. 26, 1969.

Frederick H. Mayer, of Cook, Murphy, Lance & Mayer, St. Louis, Mo., for appellants; Robert J. Koster, St. Louis, Mo., on the brief.

Irvin L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., and King M. Trimble, Asst. U. S. Atty., St. Louis, Mo., on brief.

Before VAN OOSTERHOUT, Chief Judge and LAY and HEANEY, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's refusal to require a complete or partial remission of a bond forfeiture under Rule 46(f) (2) and (4), Fed.R. Crim.P., 18 U.S.C.A.

The facts show that on February 16, 1968, defendant Booker Thomas Harrell entered a plea of not guilty to a two count indictment charging illegal purchase and sale of narcotics under 26 U.S.C.A. § 4704(a). The indictment was brought in the United States District Court for the Eastern District of Missouri, Eastern Division. Bond was set at $5,000 and was executed by Harrell and by an attorney in fact on behalf of the United Bonding Insurance Company. The bond was returnable in the United States District Court March 18, 1968. On that date the defendant appeared and entered a plea of guilty to each count of the indictment. Sentencing was then set for April 5, 1968. On April 5, defendant appeared in the United States District Court, but for reasons not appearing in the record, sentencing was continued until April 22. On this latter date the defendant failed to appear for sentencing and forfeiture of the bond was declared. Judgment was entered on the forfeiture on May 17. On June 26, a motion to set aside the bond forfeiture and judgment was filed by the bonding company. The motion was overruled and this appeal taken.

The bonding company showed to the district court at the time of its motion to set aside the forfeiture and judgment

that the defendant Harrell had been incarcerated in the St. Louis County jail from the date of April 16 until July 5, 1968. Harrell had been previously released under bond in St. Louis County, Missouri, on a pending criminal charge in that jurisdiction. On April 16, another bonding company on the state charge returned him to the custody of the sheriff of St. Louis County. Under these circumstances Harrell was unable to appear on April 22 for sentencing by the United States District Court.

Rule 46(f) (2) and (4) read as follows:

> "(2) *Setting Aside.* The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

> \* \* \* \* \* \*

> "(4) *Remission.* After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision."

These provisions have been interpreted by this court in Larson v. United States, 296 F.2d 167 (8 Cir. 1961); Bennett v. United States, 368 F.2d 7 (8 Cir. 1966). The facts of the present case are clearly distinguishable from *Larson* and *Bennett.* Here, the defendant cannot be said to have wilfully violated his bond. He appeared for sentencing when the court originally scheduled it. The only reason apparent for his nonappearance at the continued hearing was his incarceration in the St. Louis County jail by state authority. He ultimately was delivered for sentencing on August 19, 1968, and was thereafter committed to the United States Penitentiary at Leavenworth. The government claims no injury or untimely delay in carrying out the object of the recognizance.

Considering all the facts and circumstances surrounding the forfeiture we think it manifest that "justice does not require the enforcement of the forfei-

ture" and that the bonding company's motion should have been granted. Cf. Dudley v. United States, 242 F.2d 656 (5 Cir. 1957); Smaldone v. United States, 211 F.2d 161 (10 Cir. 1954); United States v. Bradley, 43 F.R.D. 278 (W.D. Pa.1967).

Judgment reversed.