**UNITED STATES of America,**
**Appellee,**

v.

**James William NASH and the Summit**
**Fidelity & Surety Co., Appellants.**

**No. 20138.**

United States Court of Appeals,
Eighth Circuit.

July 10, 1970.

Daniel P. Reardon, Jr., St. Louis, Mo., for appellants.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and Harold E. Zahner, Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and JOHNSEN, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

Our mandate on the affirmance made in Nash v. United States, 405 F.2d 1047 (8 Cir. 1969) required Nash to surrender himself to the United States Marshal for the Eastern District of Missouri by March 14, 1969, for service of his four-year sentence. The conviction involved was for possession of stolen post office money orders.

Nash was, however, not able thus to surrender himself, nor was his surety, The Summit Fidelity & Surety Co. in a position to have produced him, because he was at the time being held in the county jail of Douglas County, Missouri, and continued to be so confined until April 23, 1969. A federal detainer had in the meantime been lodged against him, and he was, upon his release from the Douglas County Jail, turned over by the Sheriff to the Marshal for the Western District of Missouri.

The District Court declared a forfeiture of Nash's $5,000 appearance bond, for his failure to have surrendered himself on March 14, 1969, and judgment was thereafter entered upon the forfeiture, although Nash was by then in federal custody and was engaged in serving his sentence. A motion by the surety company for remission of the judgment was denied, and the appeal here is from that order.

Rule 46, subdivision (f), paragraphs (2) and (4), Fed.R. Crim.P., made liberalization of existing forfeiture law, by enlarging the court's power to engage in equitable considerations as to a breach of a condition in a bail bond. See Notes of the Advisory Committee following Rule 46, 18 U.S.C.A. Under paragraph (2), subdivision (f) of the Rule, the court was empowered to set aside a forfeiture, "upon such conditions

**534**

as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." And paragraph (4) made extension of this power to engage in equitable considerations even after the forfeiture had been made the subject of a judgment.

The situation now before us appears to be without any substantial difference in its circumstances from those with which we dealt in United States v. Harrell, 415 F.2d 1125 (8 Cir. 1969). In *Harrell*, the defendant was unable to appear in federal court on the date fixed for his sentencing, because he similarly was incarcerated in a county jail. We observed as to this situation that "the defendant cannot be said to have wilfully violated his bond", (p. 1126), and held that the court should have granted the surety company's motion for remission of the judgment which had been entered upon the forfeiture.

There is, however, an element of financial distinction between the two situations. Harrell was incarcerated in the St. Louis County Jail (the county in which the federal court was located), while Nash was incarcerated in the jail of an out-state county. The Government has thus here been subjected to an expenditure of time, service and money, in filing detainer, in having Nash turned over to it in Douglas County, and in having to make return of him to St. Louis. We deem it appropriate and just in these circumstances that remission should not be made of the whole of the judgment existing against the surety company, but that such judgment should remain unremitted as against it in the amount of $1,000.

The order denying any remission of the judgment is reversed, and the case is remanded with directions to make remission of the judgment entered upon the forfeiture except as to the amount of $1,000.

Reversed and remanded with directions.