**Willie STANTON and Mildred C. Stanton, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 14519.**

United States Court of Appeals Ninth Circuit.

Nov. 1, 1955.

Rehearing Denied Dec. 15, 1955.

Warren A. Taylor, Eugene V. Miller, Taylor & Taylor, Fairbanks, Alaska, for appellants.

Theodore F. Stevens, U. S. Atty., George M. Yeager, Phillip W. Morgan, Asst. U. S. Attys., Fairbanks, Alaska, for appellee.

Before STEPHENS, HEALY, and ORR, Circuit Judges.

## PER CURIAM.

One Robinson was convicted of a federal offense in an Alaska court and the Stantons went on his bail bond pending appeal to this court. The appeal was dismissed.

Prior to the dismissal of the appeal, Robinson had been forcibly taken to Fort Lewis in the State of Washington for separation from the Army. Upon separation, Robinson did not return to Alaska, but went to New York. Notice was given his attorney as to the day of sentence after dismissal of the appeal, but he did not appear, and apparently made no effort to appear. The Stantons had notice of the situation but made no reasonable effort, if any at all, to return Robinson, but the United States returned him to the Alaska court from West Virginia months after the date for the sentence, and filed action and recovered judgment for the full face of the bond. Thereafter appellants filed a motion for remission under subdivision (f) (4) of Rule 46, Federal Rules of Criminal Procedure, 18 U.S.C.A.[1] This motion was denied, and that ruling is before us upon appeal.

 There is nothing of merit in the appeal. Remission of the sum of the judgment or any part thereof is a matter to be passed upon in the sound discretion of the court. Discretion of the court is ably commented upon in Smaldone v. United States, 10 Cir., 1954, 211 F.2d 161, 163; wherein it is said:

" * * * [T]he term discretion when used as a guide to judicial action means sound discretion, not discretion exercised arbitrarily but with due regard for that which is right and equitable under the circumstances. It means discretion directed by reason and conscience to a just result. [Citing cases.]"

There is nothing in the case to indicate that the trial court abused its discretion.

Affirmed.

---

1. "(f) Forfeiture. * * * (4) Remission. After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision." Rule 46(f) (4), Federal Rules of Criminal Procedure, Title 18 U.S.C.A.

"(f) (2) Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." Rule 46(f) (2) ibid.