**UNITED BENEFIT FIRE INSURANCE COMPANY OF OMAHA, NEBRASKA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17689.**

United States Court of Appeals Ninth Circuit.

July 25, 1962.

R. D. Merrill and W. F. Merrill, Pocatello, Idaho, for appellant.

Sylvan A. Jeppesen, U. S. Atty., and Jim Christensen, Asst. U. S. Atty., Boise, Idaho, for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and ROSS, District Judge.

HAMLIN, Circuit Judge.

James L. Whalen was charged in an indictment filed in the United States District Court for the District of Idaho, Eastern Division, with violations of the White Slave Traffic Act, 18 U.S.C.A. § 2421 et seq. His bail was fixed in the sum of $10,000. United Benefit Fire Insurance Company executed a surety bond in the sum of $10,000 in the usual form which provided for the appearance of Whalen during the prosecution of the action against him. On the filing of such bond Whalen was released on bail. On May 17, 1961, when his case was called, Whalen did not appear in court. His counsel was there, and stated that he was unable to locate Whalen. The case was continued to May 18, 1961, and upon the failure of the defendant to appear at that time it was continued to May 19, 1961, at which time the government's motion to forfeit the bail bond was granted.

Counsel for appellant was present in court on May 19, when the order forfeiting the bond was made, and he moved for an order continuing the cause which motion was denied.

Whalen was located in Mexico City about May 23 through the agencies of the United States Government. Shortly thereafter he surrendered himself to the custody of the United States officials at San Antonio, Texas, and was then transported to the county jail at Pocatello, Idaho, where the Eastern Division of the United States District Court for the District of Idaho convenes.

On May 29, 1961, the government moved for the entry of judgment in favor of United States against appellant in the sum of $10,000. Hearing of said motion was set before the district court for June 27, 1961. Counsel for the bonding company did not appear and the matter was continued to June 28 at which time counsel for appellant was present. On June 28 judgment was entered against appellant in the sum of $10,000.

On September 5, 1961, Whalen pleaded guilty to two counts of the indictment filed against him and he was sentenced to imprisonment for a total of five years.

Appellant filed a petition for the remission of the forfeited bail bond, accompanying said petition with certain affidavits. On September 11, 1961, when this petition came before the district court, it was ordered denied in its entirety. Appellant timely filed an appeal to this court from the order of the district court denying the remission of the forfeited bail bond. This court has jurisdiction under 28 U.S.C.A. § 1291.

Rule 46 of the Federal Rules of Criminal Procedure 18 U.S.C.A., provides in reference to the forfeiture of bail bonds in part as follows:

"(f) *Forfeiture.*

"(1) *Declaration.* If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

"(2) *Setting Aside.* The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

"(3) *Enforcement.* When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. * * *

"(4) *Remission.* After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision."

On this appeal appellant contends that the district court abused its discretion in refusing to remit the forfeited bail bond and in refusing to hold that justice did not require enforcement of the entire forfeiture.

Appellant contends it had no notice of the date when Whalen was to appear in court and when it was informed on May 17, 1961, that he did not appear it made "every diligent effort to ascertain the facts surrounding said failure and to determine the whereabouts of the said defendant; numerous telephone calls were made, personal trips were made to interview the wife of the defendant and his associates, request was made for fingerprints and a reward posted and wanted circulars printed." No contention was made, however, that it actually paid any reward, that through its efforts Whalen was located in Mexico City or that it provided any funds for his return from Mexico City to San Antonio, Texas, and then to Idaho.

It was shown that on April 20, 1961, notice that the cause had been set for further hearing on May 17, 1961, was given to Whalen's attorney and that he had so informed Whalen. There was no showing by appellant that in Idaho there was any custom or practice whereby sureties were notified of the date when defendants are to appear. In fact, the comments of the district judge indicated that no such custom or practice existed.

■ The language in Rule 46 provides that the court "may" direct a forfeiture

and that after entry of judgment the court "may" remit it in whole or in part. The rule gives discretion to the district court. As stated in Larson v. United States, 296 F.2d 167, 170 (8th Cir. 1961), "It is only where there has been an abuse of discretion that an appellate court may set aside the action of the District Court denying the remission of a forfeiture." In Larson the court quoted from United States v. Davis, 202 F.2d 621, 624 (7th Cir. 1953), where the court said, "We must keep in mind that the discretion is to be exercised by the district court and not by a court of review. This court should not substitute its discretion for that of the district court." See also Stanton v. United States, 15 Alaska 673, 226 F.2d 822 (9th Cir. 1955).

■ Appellant contends that the facts of this case are "strikingly similar" to those in Dudley v. United States, 242 F. 2d 656 (5th Cir. 1957) and Smaldone v. United States, 211 F.2d 161 (10th Cir. 1954), in which cases the courts of appeals reversed judgments of the district courts which held against the bondsmen. We do not so regard these cases.

In Dudley the two defendants, Dudley and Londos, were on bail, and the trial had been set for March 12, 1956. On February 1 the sureties were notified to produce the defendants by February 3. On February 3 neither defendant was present. The bond was forfeited as to Dudley although prior to the forfeiture Dudley had been arrested on a bench warrant and was in custody in another city in the state, and the court was informed of this fact. The other defendant, Londos, did not appear. The matter was continued to February 10 and then to February 17. On February 17 Londos' attorney advised the court that Londos was in California and would appear in a few days. The bond was forfeited. Londos voluntarily surrendered on February 21. The defendants were brought to trial on March 12th, the date originally scheduled. The court of appeals emphasized that the case was tried as scheduled and both Londos and Dudley were convicted at no

additional expense or delay to the government. Stating that all the objects and purposes of the recognizances were effected as to the defendants, the court held that remission should have been granted, justice not requiring forfeiture.

In Smaldone the facts were more dissimilar to the facts of the instant case than were the facts of Dudley. There, the case was set for trial on June 2, 1953. On the preceding Wednesday Smaldone, a chronic sufferer from gall bladder trouble for about six years, was advised by a physician to be hospitalized on June 1, the day before trial. His symptoms seeming aggravated, he actually entered the hospital on May 31, one day early. Attorneys for defendant moved for a continuance on June 1 which was denied. Defendant's physician felt that he was not in condition to come to trial, but after some consultation with the doctor, the judge ordered the defendant brought to court. The trial which had been set for 9:30 a. m. was unable to proceed until 11:15 a. m. During that morning the defendant was apparently in discomfort, and defendant's attorneys informed the court that they might not be able to get the defendant back if he were allowed to leave during the lunch recess. Just before the court recessed for lunch the court ordered the bond forfeited and the defendant placed in custody. A doctor was appointed by the court to examine him. The doctor reported that the defendant appeared to be ill and that in his opinion the defendant should be returned to the hospital. In the afternoon of that day the defendant, still appearing to be ill, was taken to the rest room where he vomited and appeared to be in great pain. He was again given a medical examination and that evening he was operated on for acute appendicitis. The court of appeals held that the circumstances which were set forth in detail in the case did not require the enforcement of the forfeiture of the bond and that the denial of the motion to vacate the judgment and the denial of the motion for remission of the forfeiture constituted an abuse of discretion.

In the instant case, in contrast to the facts of Dudley and Smaldone, no facts were shown that would require us to hold that there was any abuse of discretion. As the court pointed out when the case was set, the court was available to try Whalen and the jury had been called, but Whalen did not appear, having gone to Mexico in order to avoid his court appearance.

Being unable to say that the court abused its discretion in this matter, the judgment is affirmed.