568 F.2d 1134
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Kyle GRAY, Defendant,
Argonaut Insurance Company, Movant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara Ann GASTON, Defendant,
Argonaut Insurance Company, Movant-Appellant.
 Nos. 77-2299 and 77-2300
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 2, 1978.
 Janet Reno, Miami, Fla., for movant-appellant in both cases.
 J. V. Eskenazi, U. S. Atty., Mervyn L. Ames, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee in both cases.
 Appeals from the United States District Court for the Southern District of Florida.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this appeal, the appellant Argonaut Insurance Company asserts that justice did not require the enforcement of two $100,000 appearance bond forfeitures entered against it in the court below and that these bonds should have been set aside under Fed.R.Crim.P. 46(e)(2). We decline to address this question, and consider instead whether the lower court abused its discretion in refusing to set aside the forfeitures. After careful review of the testimony, much of it taken confidentially in camera, we conclude that the lower court did not abuse its discretion, and affirm.
 
 
 2
 This Court has consistently held that the standard of review for a district court's refusal to remit part or all of a bond forfeiture is whether the district court abused its discretion. United States v. Shelton, 444 F.2d 522, 523 (5th Cir. 1971); Brown v. United States, 410 F.2d 212, 218 (5th Cir. 1969). We are convinced that a similar standard should be applied when a district court refuses to set aside a bond forfeiture. See United States v. Foster, 417 F.2d 1254, 1256 (7th Cir. 1969). While reasonable minds could have concluded, contrary to the decision of the court below, that justice did not here require a bond forfeiture, we are not persuaded that the lower court abused its discretion in reaching the decision that it did.
 
 
 3
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I