**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank D. STANLEY,
Defendant-Appellant.**

**No. 78–1924.**

United States Court of Appeals,
Ninth Circuit.

Feb. 20, 1979.

William Pinkus, Santa Rosa, Cal., for de-fendant-appellant.

Dennis Michael Nerney, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHOY and SNEED, Circuit Judges, and KERR,* District Judge.

PER CURIAM:

Frank D. Stanley appeals the order denying his motion to set aside or remit the forfeiture of his bond. We affirm.

### I. *Statement of the Case*

Stanley was convicted of possession, importation and conspiracy to possess and import 10,000 pounds of marijuana, in violation of 21 U.S.C. §§ 952(a), 841(a)(1), 963 and 846. He was released on bail pending his appeal.[1]

Despite the condition of release that he not leave the Northern District of California,[2] Stanley went to Booth Bay, Maine. In July 1977, Stanley was detained in Maine for suspicion of smuggling while aboard a boat owned by an individual who had been associated with Stanley in the activities that resulted in Stanley's conviction. At the time of the detention, Stanley was carrying false identification in the name of Harold W. Carmichael.[3] On March 31, 1978, the Government filed an ex parte motion to revoke Stanley's bail because of the breach of the travel restriction. The motion was granted.

In April 1978, an evidentiary hearing was held to provide Stanley with an opportunity to refute the charges. Stanley did not contest that he had violated the travel restriction, nor did he contest the fact that he had been carrying false identification. Indeed, he presented evidence supporting the finding that he was in Maine. His only defense was laches, asserting that the Government had improperly delayed seeking the bail revocation even though Government agents had recognized him in Maine as early as July 1977. The court found, however, that because the Government had not confirmed its suspicion that Stanley had violated his bond conditions until shortly before it filed the motion to revoke his bail, there was no evidence of laches. Before ruling on the forfeiture motion, the trial court, over Stanley's objection, held an in camera hearing that defense counsel was not permitted to attend. The trial court then announced its decision that the forfeiture should be enforced.

On appeal Stanley contends: (1) that the forfeiture should be barred by laches; (2) that the district court erred in failing to set new bail pending appeal; and (3) that the district court should have remitted the forfeit bail. These contentions are unpersuasive.

### II. *Laches*

In findings that the Government did not know that Stanley was the individual

* The Honorable Ewing T. Kerr, Senior United States District Judge for the District of Wyoming, sitting by designation.

1. Stanley's conviction was affirmed by this court. *United States v. Stanley,* 545 F.2d 661 (9th Cir. 1977), *cert. denied,* 436 U.S. 917, 98 S.Ct. 2261, 56 L.Ed.2d 457 (1978).

2. This limitation had been extended to include the Central District of California as well.

3. The activities in Maine are described in detail in the district court's opinion: *United States v. Stanley,* 449 F.Supp. 467 (N.D.Cal.1978).

detained in Maine until March 1978, the trial judge chose to believe the testimony of a Drug Enforcement Administration agent rather than an affidavit by an individual identified only by name. The district court was better able to judge credibility than are we. Because nothing in the record shows the court's findings to be clearly erroneous, the defense of laches fails. *See* Fed.R. Civ.P. 52(a).

### III. *Bail During Pendency of Appeal*

■ The district court's consideration of whether Stanley was a flight risk or a danger to the community and the information received by the district court during the in camera hearing were relevant only with respect to the court's decision not to set new bail for the time remaining before the appeal was heard. *See United States v. Stanley,* 449 F.Supp. 467, 471–72 (N.D.Cal. 1978). Because Stanley is now serving his sentence, his conviction was affirmed on appeal, and his petition for writ of certiorari was denied, any issue raised by the denial of bail pending appeal is moot. *See United States v. Pearson,* 483 F.2d 809, 812 (9th Cir. 1973).

### IV. *Relief from Forfeiture of Bail*

■ The district court's finding that Stanley violated the travel restrictions of his personal appearance bond and that he was carrying false identification are uncontroverted. Forfeiture of bail for a breach of a condition of a bond is mandatory. Fed. R.Crim.P. 46(e)(1). However, "[t]he court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." Fed.R.Crim.P. 46(e)(2).

■ In determining whether or not to grant relief from a forfeiture, a court has wide discretion. *See United States v. Gray,* 568 F.2d 1134, 1134 (5th Cir. 1978); *United States v. Nolan,* 564 F.2d 376, 378 (10th Cir. 1977); *United States v. Casanova,* 472 F.2d 1223, 1223 (9th Cir. 1973); *United Benefit Fire Insurance Co. v. United States,* 306 F.2d 325, 327 (9th Cir. 1962); *Stanton v. United States,* 226 F.2d 822, 823, 15 Alaska 673 (9th Cir. 1955). Some of the factors it

may consider are the willfulness of the breach, the participation of the bondsman in the arrest, the cost, inconvenience, and prejudice to the Government, and any explanation or mitigating factors presented by the defendant. *See United States v. Nolan,* 564 F.2d at 378; *United States v. Nell,* 169 U.S.App.D.C. 380, 382, 515 F.2d 1351, 1353 (1975); *United States v. Casanova,* 472 F.2d at 1223; *United States v. Foster,* 417 F.2d 1254, 1257 (7th Cir. 1969); *Smith v. United States,* 357 F.2d 486, 490 (5th Cir. 1966); *United Benefit Fire Insurance Co. v. United States,* 306 F.2d at 327–28; *Larson v. United States,* 296 F.2d 167, 169–72 (8th Cir. 1961).

■ In the instant case, Stanley intentionally breached the travel restrictions of his bond and was suspected of engaging in smuggling activities during that breach. However, he apparently made all required court appearances and there was no showing of specific prejudice, cost, or inconvenience to the Government resulting from Stanley's breach. Still, Stanley offered no explanation for or factors mitigating his breach. Under these circumstances, we do not believe that the district court abused its discretion in refusing to remit all or part of the forfeited bail.

The judgment is AFFIRMED, and the mandate shall issue forthwith.