767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
JOHNNY D. CORNETT, DEFENDANT-APPELLANT.
 NOS. 84-5858, 84-5947
 United States Court of Appeals, Sixth Circuit.
 6/17/85
 
 E.D.Ky.
 AFFIRMED
 On Appeal From The United States District Court For The Eastern District of Kentucky
 BEFORE: KEITH and KRUPANSKY, Circuit Judges, and COHN*
 PER CURIAM:
 
 
 1
 The defendant Johnny D. Cornett appeals from an order entered by the United States District Court for the Eastern District of Kentucky after the defendant conditionally pleaded guilty[1] to receiving and possessing a firearm after being convicted of a felony in violation of 18 U.S.C. App. Sec. 1202(a)(1). The defendant also appeals from a district court order granting the plaintiff's motion for a bond forfeiture. For the reasons set forth below, we affirm the orders of the district court.
 
 
 2
 On March 11, 1983, Judy Cornett, the defendant's wife, filed a complaint charging the defendant with pointing a gun at her. Although a local county attorney resides in her town, Mr. Cornett filed the complaint with local trial commissioner Roy Hensley.[2] Pursuant to his normal procedure, Commissioner Hensley filled in the blanks on the complaint form after asking Ms. Cornett for an account of the incident giving rise to her complaint. Mr. Hensley wrote Ms. Cornett's words in the appropriate blanks on the form. The Commissioner then witnessed Ms. Cornett's signature, signed the complaint and issued a warrant for the defendant's arrest. Upon execution of the warrant, the police conducted a search which yielded the gun the defendant presently stands convicted of possessing in violation of 18 U.S.C. App. Sec. 1202(a)(1).
 
 
 3
 Prior to entering his conditional plea of guilty in the district court, the defendant filed a motion to suppress the evidence obtained during the search incident to the execution of Commissioner Hensley's warrant. The defendant argued that by assisting Ms. Cornett in filling out the complaint, the Commissioner had acted as both prosecutor and judge in issuing the warrant, thereby depriving Cornett of his fourth amendment right to have a neutral and detached magistrate review the criminal complaint against him. After a hearing held in July 1984, the district court denied the defendant's motion to suppress. The defendant then entered a conditional plea of guilty on the count charging him with receiving and possessing a firearm after being convicted of a felony. Shortly thereafter, the defendant was sentenced to two years imprisonment on this count.
 
 
 4
 On appeal the defendant again raises his argument that the warrant issued by Commissioner Hensley is invalid because the Commissioner's dual role as prosecutor and judge precluded his detached and neutral consideration of the sufficiency of the complaint.[3] We do not agree. We do not equate the Commissioner's transcription of Ms. Cornett's account onto a form with prosecutorial investigation and formulation of a complaint. Nor do we find that the Commissioner's role as scrivener for Ms. Cornett necessarily interfered with or precluded his detached and neutral consideration of the complaint. Upon review of the record, we conclude that although it is a preferrable practice for the county attorney to process local complaints, Commissioner Hensley's actions did not manifestly erode the neutrality demanded of a judicial officer. See Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 326 (1979).
 
 
 5
 In his second issue on appeal, the defendant argues that the district court abused its discretion in refusing to set aside the order granting the government's motion for forfeiture of bond. Again, we do not agree. The decision whether to set aside or remit a forefeiture rests within the discretion of the district court. United States v. Stanley, 601 F.2d 380, 382 (9th Cir. 1979) (per curiam). In exercising that discretion, a court may consider a variety of factors, including: whether the forfeiture bears a 'reasonable relation to the cost and inconvenience to the government of regaining custody,' the amount of delay caused by the defendant's default; the stage of the proceedings at the time of disappearance; the wilfulness of breach; the prejudice suffered by the government; and the necessity of effectuating the appearance of the defendant. United States v. Parr, 594 F.2d 440, 444 (5th Cir. 1979).
 
 
 6
 In order to reverse the trial court's refusal to set aside or remit, we must find an abuse of discretion. United States v. Stanley, 601 F.2d 380, 382 (9th Cir. 1979). A district court abuses its discretion in determining whether to remit an order of forfeiture when it acts arbitrarily or capriciously. See United States v. Casey, 671 F.2d 975, 976 (6th Cir. 1982); United States v. Parr, 594 F.2d at 444. Although we are sympathetic to the consequences of a forfeiture in this case, we are influenced by several considerations to hold that the district court did not abuse its discretion in refusing to remit all or part of the defendant's forfeited bail. The record establishes that after the defendant's counsel failed to appear at a pre-arraignment hearing, the defendant was ordered by the court to have his attorney contact the court about the date of his next appearance. Although the defendant apparently attempted to contact his attorney, the defendant failed to ever initiate any contacts with the Clerk's office and in fact concedes that he was 'less than enthusiastic' about contacting the address he left with the court to receive messages and notice of his next court appearance left there by the Clerk. When the defendant failed to appear at the second arraignment on March 30, 1984, the district court granted the government's oral motion for bond forfeiture and ordered forfeiture of the defendant's bond pursuant to Federal Rule of Criminal Procedure 46(e)(1) and (2). Although several of the factors outlined in Parr militate toward remittance in this case, we cannot find on this record that the district court's order of forfeiture was arbitrary or capricious.
 
 
 7
 Accordingly, the judgment of the Honorable Eugene E. Siler, Jr. is affirmed.
 
 
 
 *
 Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Cornett entered his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(a)(2), thereby preserving his right to appeal from the district court's order denying his motion to suppress
 
 
 [2]
 The Kentucky Supreme Court appoints local lawyers or, if necessary, other citizens to the position of trial commissioner in counties where no district judge resides. See Ky. Const. Art. 113(5). Commissioners perform the non-adjudicative duties of a trial judge including the issuance of warrants. Mr. Hensley, a local butcher in Cumberland, Kentucky, was appointed as trial commissioner for Harlan County in 1978
 
 
 [3]
 The defendant does not challenge the sufficiency of Ms. Cornett's affidavit or the Commissioner's conclusion that it established probable cause to issue a warrant. The defendant's argument focuses solely on the fourth amendment requirement that a detached and neutral magistrate determine whether the complainant established sufficient probable cause to issue a warrant