**Fred P. ADKERSON, d/b/a Fred's Bail Bonding, Appellant,**

v.

**STATE of Alaska and Mohammed Nissani, Appellees.**

No. S–1090.

Supreme Court of Alaska.

Feb. 6, 1987.

Timothy Petumenos, Birch, Horton, Bittner, Pestinger and Anderson, Anchorage, for appellant.

Ardith Lynch, Asst. Atty. Gen., Fairbanks, Harold M. Brown, Atty. Gen., Juneau, for the State.

No appearance for Mohammed Nissani.

*OPINION*

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

BURKE, Justice.

This appeal raises the question whether the superior court has discretion to reinstate and partially remit a forfeited bail bond following return of a fleeing defendant to the jurisdiction of the court. The superior court concluded that it had no discretion and refused to remit a forfeited bond. We reverse and remand.

## I. FACTS AND PROCEEDINGS BELOW

In April 1983, Appellant Fred P. Adkerson d/b/a Fred's Bail Bonding (Adkerson) posted a $50,000 bail bond for Mohammed Nissani, then under indictment in the Second Judicial District, Barrow, for theft and forgery. *State v. Nissani*, 2BA–S83–32 Cr. Nissani fled the state before trial. The bond was ordered forfeited in November 1983.

Nissani was eventually arrested by federal authorities and returned to Alaska.[1] After Nissani's return, Adkerson moved to

---

1. Adkerson, at his own expense, conducted an investigation to locate Nissani and return him to the jurisdiction of the court. Information on

Nissani's whereabouts was forwarded to the United States Marshall's Office as it was obtained.

reinstate and exonerate the bond.[2] Superior Court Judge Paul B. Jones denied the motion, concluding that the superior court has no power to remit forfeited bail bonds. Adkerson appeals.

## II. POWER TO REMIT FORFEITED BAIL BONDS

Adkerson argues that the superior court has inherent power to partially remit a forfeited bond. The state contends that our statutes and rules have abrogated any common law power to remit bail.

If a person released on bail willfully fails to appear, any security pledged to guarantee his appearance is forfeited and he is guilty of a felony or misdemeanor. AS 12.30.060; Alaska R.Crim.P. 41(d).[3] No current statute or rule provides for remission of a forfeited security if the person subsequently appears before the court. However, from 1959 to 1973, the criminal rules expressly granted the superior court discretion to set aside a forfeiture or remit bail following a judgment of forfeiture.[4] In 1973, the set aside and remission provisions were repealed by Supreme Court Order No. 157. However, we are persuaded that the repeal of the remission procedures was unintentional.[5]

There are no recorded discussions concerning the proposed deletion and the sparse written material which survives states only that the Criminal Rule 41 amendments were designed to bring the rule into harmony with the 1966 Alaska Bail Reform Act, now codified at AS 12.30.-060.[6] The Bail Reform Act does not expressly prohibit remission following forfeiture.[7]

Criminal Form 55 mentions setting aside and remitting forfeitures, and Criminal Form 66 is a model order setting aside forfeiture. Furthermore, since 1977, the Third Judicial District has followed a pub-

---

**2.** The state incurred some costs in attempting to extradite Nissani. Adkerson sought remission only of the forfeited amount *exceeding* the state's expenses; the state would be reimbursed out of the bond prior to remission.

**3.** AS 12.30.060 provides in part:

A person released under the provisions of this chapter who wilfully fails to appear before a court or judicial officer as required shall incur a forfeiture of any security which was given or pledged for the person's release and if the person was released

(1) in connection with a charge of felony, or while awaiting sentence or pending appeal after conviction of an offense, is guilty of a felony ...;

(2) in connection with a charge of misdemeanor, is guilty of a misdmeanor ...;

(3) for appearance as a material witness, is guilty of a misdemeanor....

Criminal Rule 41(d) provides in part:

(1) *Declaration.* If the person released on bail on the giving or pledging of security fails to appear as required, the judge or magistrate before whom the person released was to appear shall set a time for hearing to determine if the nonappearance was willful.

(2) *Judgment of Forfeiture.* If after the hearing the judge or magistrate determines that the nonappearance of the person released on bail was willful, the security, given or pledged, shall be forfeited. An appeal may be taken of the judgment of forfeiture in the manner of other appeals.

**4.** In 1973, Alaska R.Crim.P. 41(j) provided in part:

(2) *Setting Aside.* The court may direct that a forfeiture be set aside upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

. . . .

(4) *Remission.* After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision.

**5.** Ordinarily, when a statutory provision is clearly repealed, courts will apply the express will of the legislature. 1A C. Sands, Statutes and Statutory Construction § 23.07, at 219 (1972). Furthermore, any material change in statutory language is presumed to signal a change in legal rights. *Id.* § 22.30 at 178.

**6.** AS 12.30.060 is set forth *supra* note 3.

**7.** The genesis for the Alaska 1966 Bail Reform Act was the federal Bail Reform Act of 1966, Pub.L. No. 89–465, § 3(a), 80 Stat. 216 (1966) (repealed 1984). The federal act provided that a judge "shall" order forfeiture when the defendant willfully fails to appear. It does not mention bail remission, but forfeiture is made "subject to the Federal Rules of Criminal Procedure." *Id.* Federal Rule 46 was amended in 1972 in response to the federal Bail Reform Act, but the bail remission and set aside provisions remained intact. Fed.R.Crim.P. 46(e).

lished bond forfeiture procedure permitting application for reinstatement or exoneration within one year of forfeiture.

While specific authorization for remission is absent, Adkerson points to other cases in which we have exercised the inherent power of the court to establish procedures for the administration of justice and urges us to find an analogous inherent power to remit forfeited bonds. For example, the supreme court has the authority to promulgate rules governing the procedure by which substantive rights are enforced, *State v. Williams*, 681 P.2d 313, 315–19 (Alaska 1984), and a court has the inherent power to reduce a legal sentence, *Thomas v. State*, 566 P.2d 630, 636–38 (Alaska 1977). Adkerson also contends that Criminal Rule 51 supports a finding of inherent power.[8]

The state relies primarily on cases applying the maxim "expressio unius est exclusio alterius."[9] For example, when a statute specifies several consequences resulting from a driver's refusal to submit to a breathalyzer, the refusal is not admissible as evidence that the driver was under the influence because admissibility is not one of the consequences specified in the statute. *Puller v. Municipality of Anchorage*, 574 P.2d 1285, 1287 (Alaska 1978). Similarly, when a statute provides that permissible conditions of probation include payment of a fine or criminal restitution, the superior court may not order the payment of punitive damages to the victim. *Sprague v. State*, 590 P.2d 410, 415 (Alaska 1979). However, if there is no statute, the maxim does not apply and the court may fashion its own guidelines. *Surina v. Buckalew*, 629 P.2d 969, 977–81 (Alaska 1981) (absent authorizing statute, a court has inherent power to compel a witness to testify based on a grant of immunity).

The state reasons that, because Criminal Rule 41(d)(2) provides that a surety may *appeal* from a judgment of forfeiture, the surety may *not* seek remission. However, we conclude that the maxim does not apply because there is no rule authorizing remission in specific circumstances; therefore, there is no basis from which to imply an exclusion in these circumstances.

We conclude that the superior court has discretion to order remission of a forfeited bond. Although Supreme Court Order No. 157 removed the specific authority in the rules to remit a bond, it does not indicate an intent to disallow the procedure. Therefore, remission is not prescribed by the rules and the superior court may proceed in any lawful manner under Criminal Rule 51. We therefore remand this case to the superior court to determine whether Adkerson is entitled to partial remission of the forfeited bond. In exercising its discretion, the court should consider all relevant factors, including: (1) cost, inconvenience, or prejudice to the government in regaining custody, (2) delay resulting from the nonappearance, (3) willfulness of the failure to appear, (4) public interest in ensuring the appearance. *See United States v. Cervantes*, 672 F.2d 460, 461 (5th Cir.1982); *United States v. Stanley*, 601 F.2d 380, 382 (9th Cir.1979).

REVERSED AND REMANDED.

MATTHEWS, J., dissents.

MATTHEWS, Justice, dissenting.

In my view, the court rules should be construed as statutes are construed. A court should never declare that a statutory change is a mistake unless there is no alternative rational hypothesis. *See, e.g.,* 1A C. Sands, *Sutherland Statutory Construction* § 22.30, at 178 (4th ed. 1972):

---

8. Alaska R.Crim.P. 51 provides:

These rules are designated to provide for the efficient operation of the court of the State of Alaska. If no specific procedure is prescribed by rule or statute, the court may proceed in any lawful manner not inconsist-

ent with these rules, the constitution, and the common law.

9. "A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another." Black's Law Dictionary 521 (5th ed. 1979).

Presumption of change. The courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights.

(Footnotes omitted.) This principle should apply to rule changes as well. Because there are several rational hypotheses which may have impelled the repeal of the remission rule, it is wrong to conclude that the repeal was unintentional.

One such hypothesis is based on a note to the proposed rule changes drafted by the Criminal Rules Committee and presented to the supreme court prior to the promulgation of Supreme Court Order No. 157. The note states that the proposed amendment to Rule 41 "brings the rule into harmony with the statute on bail...." The statute on bail referred to is the comprehensive revision of the bail statute accomplished by the legislature in 1966. Ch. 20, § 1, SLA 1966. The revised act does not contain a remission procedure. In 1959, when former Rule 41 was promulgated, the then current bail statute did provide for remission under certain circumstances. Sections 66–17–52, 66–17–54 to 66–17–57, ACLA 1949. Thus, in 1973 the rules committee and the supreme court could well have concluded that because there was no longer a statutory remission procedure, it was advisable to delete remission provisions from the rule in order to bring "the rule into harmony with the statute."

The deletion of the remission rule might also have been thought to be sensible in view of the following considerations. First, under the 1966 act it was expected that bail bondsmen would have a greatly reduced role in the bail process since bail was no longer required as a matter of course and, when bail was required, the alternative of a ten percent security deposit was provided for. AS 12.30.020(a) and (b)(4). Second, in the 1966 act the legislature repealed the statutory authority of bail bondsmen to arrest an absconding defendant. Former law did provide bail bondsmen with authority to make arrests. *Compare* AS 12.30.020 *with* § 66–17–42, ACLA 1949. Deletion of the remission rule could have been regarded as consistent with the shifting of ultimate law enforcement responsibility from bondsmen to the police. Third, under prior procedure remission was necessary in order to satisfy due process, because forfeiture occurred without notice to the bondsman, and without an opportunity to be heard. Section 66–17–51, ACLA 1949. However, under the 1973 revised rules, forfeiture can take place only after the bail bondsman is given notice and an opportunity to be heard. Alaska R.Crim.P. 41(d). Thus, remission was no longer necessary to achieve these basic requirements of due process.

Because there are sensible reasons which could have impelled the deletion of the remission rule, it follows that the trial court correctly concluded that remission is a remedy which is not available. I would therefore affirm the decision of the trial court.