NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL BUNTENBAH, AKA Mike B,

Defendant - Appellant.

No. 24-1444

D.C. No.
1:19-cr-00099-DKW-KJM-7

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Michael Buntenbah appeals from the district court's judgment forfeiting his

$250,000 bond.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing for

abuse of discretion, *see United States v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Buntenbah's request for oral
argument is denied.

2002), we affirm.

Buntenbah contends that the district court abused its discretion by declining to set aside the bond forfeiture. He argues that the district court failed to consider the *Nguyen* factors, *see id.* at 1115-16, and gave too much weight to those factors it implicitly considered. In Buntenbah's view, a proper weighing of the factors would have resulted in setting aside some or all of the bond forfeiture.

The record reflects that the district court considered and appropriately weighed the *Nguyen* factors, which were discussed extensively by the parties. The court's focus on the willfulness and "egregiousness" of Buntenbah's conduct was justified by Buntenbah's arguments and the nature of the violation. Given the aggravating circumstances of the breach, the court did not abuse its discretion in declining to set aside any portion of the forfeited bond, notwithstanding that some factors may have weighed in Buntenbah's favor. *See United States v. Stanley*, 601 F.2d 380, 382 (9th Cir. 1979) (the district court did not abuse its "wide discretion" by failing to set aside forfeiture even though the defendant "made all required court appearances and there was no showing of specific prejudice, cost, or inconvenience to the Government resulting from [his] breach"); *see also Nguyen*, 279 F.3d at 1117 ("[A] bond functions like liquidated damages in that it must be reasonable when set; it need not necessarily approximate the actual costs of breach.").

**AFFIRMED.**